# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. 2:16-CR-801 |
| | § | (CIVIL ACTION NO. 2:18-CV-38) |
| JASON MICHAEL EHRET | § | |

## ORDER SETTING HEARING

Before the Court is Jason Michael Ehret's ("Ehret" or "Defendant") motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 77). Defendant challenges multiple enhancements applied to his offense level on grounds that his counsel rendered ineffective assistance and failed to file a notice of appeal. (D.E. 79). The Government filed a response opposing Defendant's motion (D.E. 89) pursuant to this Court's Order. (D.E. 78). Defendant filed a reply, which the Court has also considered. (D.E. 94).

For the reasons set forth below, the Court withholds ruling at this time on all of the grounds for relief asserted by Defendant, except for his claim that his counsel failed to timely file a notice of appeal when instructed to do so. As to this claim, the Court orders an evidentiary hearing to determine (1) whether trial counsel consulted Defendant about his right to appeal, and (2) whether Defendant instructed trial counsel to appeal. If, at the conclusion of the hearing, the Court denies this claim, it will subsequently address his remaining grounds for relief.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

On December 26, 2015, the Corpus Christi Police Department initiated an online investigation to identify persons using peer-to-peer ("P2P") file sharing networks for the

purpose of consuming and distributing child pornography. (D.E. 54, ¶ 5). Investigators discovered a computer that was trafficking child pornography via P2P network. (*Id*.). Investigators successfully downloaded seventy-nine files containing images of child pornography and identified the computer's Internet Protocol ("IP") address. (*Id*.). Further investigation revealed the IP subscriber as the Defendant. (*Id*.).

On March 16, 2016, pursuant to a search warrant, law enforcement agents seized various computers and media storage devices from the Defendant's residence. (D.E. 54, ¶ 12). A forensic examination of the Defendant's computer and storage media revealed 167 images and 4 videos of child pornography. (D.E. 67, Page 37). Agents discovered seventy-nine images that were identical to the images first discovered during the December 26, 2015 investigation. (*Id*.).

**B. Criminal Proceedings**

On September 28, 2016, the Government charged Defendant with one count of distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) and three counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(1). (D.E. 1). On November 15, 2016, Defendant appeared before this Court and entered a plea of guilty to Count Two, possession of child pornography, pursuant to a written plea agreement under Rule 11(c)(1)(B). (D.E. 69). Count one, distribution of child pornography and the two remaining counts of possession of child pornography were dismissed upon Government's motion. (D.E. 59). The plea agreement did not include a waiver of Defendant's right to appeal or to collaterally attack his sentence under 28 U.S.C. § 2255. (*See generally* D.E. 24).

Pursuant to this Court's Order, the probation department prepared a Presentence Investigation Report ("PSR"). (D.E. 25). According to the PSR, the guideline for possession of

child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) has a base level of eighteen under USSG § 2G2.2(a)(1). (PSR ¶ 23). Two levels were added because the offense involved a prepubescent minor, or a minor who had not achieved twelve years of age, under USSG § 2G2.2(b)(2). (PSR ¶ 24). Two additional levels were added under USSG § 2G2.2(b)(3)(F) because the offense involved distribution of child pornographic images. (PSR ¶ 25). Four levels were added because the offense involved sadistic or masochistic conduct pursuant to USSG § 2G2.2(b)(4). (PSR ¶ 26). Two levels were added because the offense involved the use of a computer or an interactive computer service under USSG § 2G2.2(b)(6). (PSR ¶ 27). Four final levels were added pursuant to USSG § 2G2.2(b)(7)(C) because the offense involved between 300 and 600 images. (PSR ¶ 28). After decreasing three levels for acceptance of responsibility (PSR ¶¶ 34-35), the total offense level was twenty-nine. (PSR ¶ 36). The Defendant's criminal history score was zero, establishing a criminal history category of I. (PSR ¶ 39).

The maximum term under 18 U.S.C. § 2252A(b)(2) is twenty years. Based on a total offense level of twenty-nine and a criminal history category I, the Defendant's guideline range for imprisonment was 87 to 108 months under Zone D of the Sentencing Table, USSG Chapter 5, Part A. (PSR ¶ 68).

Sentencing was held on January 25, 2017, before this Court. The Court adopted the PSR and sentenced Defendant to eighty-seven months imprisonment with a life term of supervised release, and imposed a $100 assessment and $10,000 fine. (D.E. 59). Defendant did not appeal the judgment. Throughout the underlying criminal proceedings, Defendant was represented by Attorney Keith M. Gould and Attorney John S. Flint, *pro hac vice*.

### C. Movant's Allegations

Defendant filed the present § 2255 Motion moving this Court to vacate his sentence on grounds that he was improperly sentenced due to ineffective assistance of counsel. (D.E. 77). The Defendant alleges that (1) trial counsel failed to file a timely notice of appeal; (2) that trial counsel failed to properly object to the sadistic/masochistic enhancement; (3) that trial counsel failed to object to the amount of child pornography attributed; (4) that trial counsel failed to object to Ehret's supervised release and certain conditions; (5) that trial counsel failed to object to the facts used for sentencing; and (6) that trial counsel failed to object to the Court treating the guidelines as mandatory . (*Id*.). Finally, Defendant contends that he was subjected to a due process violation because the district court improperly considered erroneous information as the basis for his sentence. (*Id*.).

## LEGAL ANALYSIS

### A. Evidentiary Hearing

The law governing an ineffective assistance of counsel claim based on an alleged failure to appeal is well-settled. Specifically, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega,* 528 U.S. 470, 477 (2000) ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal"). Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. *Rodriguez v. United States*, 395 U.S. 327, 330 (1969).

The Government contends that Ehret is not entitled to an evidentiary hearing as to his failure to appeal claim, suggesting that he has failed to provide sufficient detail into his claim to warrant an evidentiary hearing (D.E. 89, Pages 32-33) (noting that Ehret "fails to allege that he instructed his attorney to file an appeal or that his attorney failed to consult with him regarding the filing of an appeal"). The Government argues that because the Defendant has not shown that he requested an appeal, he is not entitled to relief. (*Id*.). It is not necessary, however, that a § 2255 movant make such a showing before being entitled to an evidentiary hearing. *See* Rule 8, 2255 Rules.

Instead, where a § 2255 movant alleges a failure on the part of his counsel to appeal, that is sufficient to require an evidentiary hearing. *See United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007). In numerous unpublished decisions, the Fifth Circuit has required an evidentiary hearing on a failure to appeal claim under circumstances indistinguishable from the instant case. *See, e.g., United States v. Thomas*, 216 F.3d 1080 (5th Cir. 2000) (unpublished) (court abused its discretion in denying § 2255 claim without evidentiary hearing where Defendant alleged she requested her attorney to appeal and counsel failed to do so, despite an affidavit from counsel flatly denying the allegation and the court's assessment of movant's allegations as "conclusory."); *United States v. Taylor*, 270 Fed. Appx. 363 (5th Cir. 2008) (unpublished) (district court abused its discretion in failing to hold evidentiary hearing to determine whether defense counsel had been instructed to appeal); *United States v. Sheid*, 248 Fed. Appx. 543 (5th Cir. 2007) (unpublished) (citing *Tapp* and holding that "[b]ecause the record in the instant case does not conclusively show whether and when Sheid requested that his counsel file an appeal, an evidentiary hearing is necessary"); *United States v. Alvarez*, 172 Fed. Appx. 587 (5th Cir. 2006)

5

(unpublished) (where movant's § 2255 motion alleged that he had asked attorney to appeal, the district court abused its discretion by denying claim without holding an evidentiary hearing).

Consistent with the foregoing authority, the Court is unable to determine on the current record that Defendant is not entitled to relief. The Court must hold a hearing to assess the credibility of the parties and determine whether the Defendant told his trial counsel to prosecute the appeal, as he contends. *See* Rule 8, 2255 Rules.

### B. Other Grounds for Relief

As to the other grounds for relief raised in Ehret's motion, it is unnecessary for the Court to address them at this time. If the Court rules in Ehret's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001) (where defendant was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, the Court will address Defendant's remaining claims after the resolution of his direct appeal. *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir.1968) (abrogated on other grounds) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir.1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion). If, at the conclusion of the hearing, the Court denies Defendant's ineffective assistance claim concerning his appeal, it will subsequently address the remaining grounds for relief.

## CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing as to Ehret's claim that trial counsel failed to file a timely notice of appeal. The evidentiary hearing is scheduled for

December 3, 2018, at 1:15 p.m. The Court APPOINTS CJA counsel Alfred Montelongo to represent Ehret at the evidentiary hearing pursuant to Rule 8, Rules Governing Section 2255 Proceedings in the District Court.

The Clerk is directed to forward a copy of this Order to the parties and to newly appointed counsel.

SIGNED and ORDERED this 19th day of September, 2018.

_____
Janis Graham Jack
Senior United States District Judge