Case 2:16-cr-00801   Document 169   Filed on 10/15/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:16-CR-801 |
| § | |
| JASON MICHAEL EHRET § | |

## ORDER

Pending before the Court is Movant Jason Michael Ehret's *pro se* Rule 60(b) motion seeking relief from this Court's dismissal of his second or successive § 2255 motion. (D.E. 167). The motion is DISMISSED as a second or successive § 2255 motion.

### I. JURISDICTION

The Movant attempts to invoke the Court's jurisdiction pursuant to Rule 60(b). However, for the reasons discussed below, the Court lacks jurisdiction over Movant's motion.

### II. FACTUAL AND PROCEDURAL HISTORY

On November 15, 2016, Movant filed a Memorandum of Plea Agreement, in which he pled guilty to one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (D.E. 24 ¶ 1; D.E. 41 ¶ 2; D.E. 54 ¶ 2). On January 25, 2017, the Court sentenced Movant to 87 months of custody with the Bureau of Prisons, a lifetime supervised release under specific conditions, a $10,000 fine, and a $100 special assessment. (D.E. 87 at 96:14–101:24). On January 27, 2017, the Court entered the Judgment. (D.E. 59).

The factual and procedural history of this case is thoroughly laid out in the Court's prior Orders. (D.E. 101 at 1–4; D.E. 103 at 1–2; D.E. 109 at 1–4; D.E. 152 at 1–2; D.E. 161 at 2-4). Most importantly, the following three arguments from Movant's second § 2255 motion were

dismissed as a second or successive § 2255 motion: 1) Ehret's plea was uncounseled, 2) Ehret's plea was unknowing, and 3) Ehret is actually innocent. (D.E. 161 at 5). Movant subsequently requested the Fifth Circuit's approval to raise these same claims in a motion to authorize a successive § 2255 motion. (Case: 21-40469. Document: 00515904641). The Fifth Circuit denied Movant's motion. (D.E. 166). Movant's instant motion was filed September 7, 2021, approximately 1 month later.

### III. DISCUSSION

A movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a successive § 2255 motion before this Court. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A). A movant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive § 2255 motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); *United States v. Williams*, 274 Fed.Appx. 346, 347 (5th Cir.2008) (applying *Gonzalez* to § 2255 motions). It is only when a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532. Any other claim pursuant to either rule must be considered second or successive. *Id*.

In the instant Rule 60(b) motion, Movant claims that 1) his plea was uncounseled, 2) his plea was unknowing, and 3) that he is actually innocent. (D.E. 167). The Fifth Circuit reviewed and denied these exact claims in Movant's motion to authorize a successive § 2255 motion. (D.E. 166). Therefore, the Court construes the instant motion as a successive § 2255 motion and because the Fifth Circuit did not authorize Movant to file the instant successive § 2255 motion,

***the Court lacks jurisdiction*** to consider it. *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013).

## IV. CONCLUSION

For the foregoing reasons, Movant's instant motion (D.E. 167) is DISMISSED.

SIGNED and ORDERED this 15th day of October, 2021.

_____
Janis Graham Jack
Senior United States District Judge