Case 2:16-cr-00801 Document 177 Filed on 12/02/21 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:16-CR-801 |
| § | |
| JASON MICHAEL EHRET § | |

## ORDER

Pending before the Court are Defendant Jason Michael Ehret's ("Ehret") Motion under 18 U.S.C. § 3583(e) to Modify Special Condition of Supervised Release (D.E. 173); Ehret's Motion under 18 U.S.C. § 3583(e) to Modify Special Condition of Supervised Release (D.E. 175); and Ehret's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (D.E. 176).

The Court DISMISSES Ehret's two § 3583(e) motions. (D.E. 173; D.E. 175). The Court DISMISSES Ehret's § 2255 motion. (D.E. 176). The Court DENIES the issuance of a certificate of appealability.

### I. JURISDICTION

For the reasons discussed below, the Court lacks jurisdiction over Ehret's three motions.

### II. FACTUAL AND PROCEDURAL HISTORY

On November 15, 2016, Ehret filed a Memorandum of Plea Agreement, in which he pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (D.E. 24 ¶ 1; D.E. 41 ¶ 2; D.E. 54 ¶ 2). On January 25, 2017, the Court sentenced Ehret to 87 months of custody with the Bureau of Prisons, a lifetime supervised release under specific conditions, a $10,000 fine, and a $100 special assessment.

(D.E. 87 at 96:14–101:24). On January 27, 2017, the Court entered the Judgment. (D.E. 59).

The factual and procedural history of this case is thoroughly laid out in the Court's prior Orders. (D.E. 101 at 1–4; D.E. 103 at 1–2; D.E. 109 at 1–4; D.E. 152 at 1–2; D.E. 161 at 2-4; D.E. 169 at 1-2; D.E. 171 at 1-2). Most importantly, the following two arguments from Ehret's second § 2255 motion were dismissed as a second or successive § 2255 motion: 1) Ehret's plea was uncounseled and 2) Ehret's plea was unknowing. (D.E. 161 at 5). Ehret subsequently requested the Fifth Circuit's approval to raise these same claims in a motion to authorize a successive § 2255 motion. (Case: 21-40469. Document: 00515904641). The Fifth Circuit denied Ehret's request. (D.E. 166).

On September 7, 2021 Ehret filed a Rule 60(b) motion in which he again argued that his plea had been uncounseled and unknowing. (D.E. 167). Given that these arguments had already been considered and dismissed, the Court properly construed Ehret's Rule 60(b) motion as a second or successive § 2255 motion, and on that ground dismissed it for lack of jurisdiction. (D.E. 169). Ehret subsequently filed a notice of appeal (D.E. 170) with respect to the Court's Order (D.E. 169), which the Court construed as a request for a certificate of appealability and then denied (D.E. 171).

The first of Ehret's three *pro se* instant motions was filed on November 15, 202, and requests that the Court modify the internet usage restriction condition of his supervised release. (D.E. 173). The second pending motion was filed on November 24, 2021 and requests that the Court modify the night-time restriction condition of his supervised release. (D.E. 175). The third pending motion was filed on November 30, 2021, and requests once again that the Court construe his letter so as to afford him relief on the basis that his plea was uncounseled and unknowing. (D.E. 176). All three motions are addressed below.

### III. EHRET'S § 3583(e) MOTIONS

In both of the instant Motions to Modify Special Condition of Supervised Release (D.E. 173; D.E. 175), Ehret asserts this Court has jurisdiction to modify or eliminate certain of his conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2).[1] Section § 3583(e)(2) provides:

(e) Modification of Conditions or Revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

18 U.S.C. § 3583(e)(2).

Ehret argues that two of the special conditions for his lifetime of supervised release are illegal. First, Ehret argues that the internet restriction condition is illegal on the following four grounds: 1) it deprives him of more liberty than necessary; 2) it is not narrowly tailored; 3) the Court did not explain its reasoning; and 4) it has been struck down by the Fifth Circuit. (D.E. 173 at 2, 5). Second, Ehret argues that the nighttime restriction is illegal on the following four grounds: 1) it deprives him of more liberty than necessary; 2) it is not narrowly tailored; 3) the Court did not explain its reasoning; and 4) the condition is not reasonably related to the § 3553(a) factors. (D.E. 175 at 3).

---

[1] Neither of Ehret's § 3583(e) motions may be properly construed under § 2255, as the special conditions of supervised release do not cause Ehret to be placed in unlawful custody. *See United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994) ("Because Congress limited relief under § 2255 to persons in federal custody, we hold that Congress also meant to limit the types of claims cognizable under § 2255 to claims relating to unlawful custody.").

"However, section § 3583(e)(2) is not designed to modify conditions of supervised release because of the illegality of an imposed sentence. Instead, to attack unlawfully imposed terms of supervised release, Defendant was required to challenge them on appeal or through a collateral attack on his sentence under 18 U.S.C. § 2255." *United States v. Pearson,* 2011 WL 13291660, at *2 (N.D. Tex. Jul. 7, 2011) (citing *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999); *Matthews v. United States*, 378 Fed.Appx. 471 (unpublished) (5th Cir. 2010). *See also United States v. Zimmerman*, 481 Fed.Appx. 199, 201 (5th Cir. 2012) (unpublished) (citing *Hatten*, 167 F.3d 884, 886, "Further, Zimmerman cannot challenge the legality or constitutionality of the special conditions of his supervised release in a § 3583(e)(2) motion."). Indeed, the two cases that Ehret claims to control the outcome of his instant motions were both heard by the Fifth Circuit on direct appeal, rather than through a § 3583(e) motion in the district court.[2] Thus, this Court has no jurisdiction over Ehret's two § 3583(e) motions (D.E. 173; D.E. 175), and they are DISMISSED FOR LACK OF JURISDICTION.[3]

### IV. EHRET'S § 2255 MOTION

As an initial matter, Ehret filed a personal letter with the Court in which he requests that the court

---

[2] In Ehret's motion to modify the internet usage restriction condition of his supervised release (D.E. 173), he claims that *United States v. Ramirez* is "directly on point and controlling" (D.E. 173 at 3) but the key distinction is that the Defendant in *Ramirez* sought relief on direct appeal whereas Ehret is challenging his supervised release conditions via a § 3583(e)(2) motion. No. 19-40381 (unpublished) (5th Cir. Jan. 8, 2021). Likewise, in Ehret's motion to modify the night-time restriction condition of his supervised release, he claims that *United States v. Ramos-Gonzales* is "directly on point and controlling" (D.E. 175 at 2) but again the Defendant in *Ramos-Gonzales* sought relief on direct appeals whereas Ehret again seeks relief via a § 3583(e)(2) motion. 857 F.3d 727, 731 (5th Cir. 2017). Furthermore, the underlying conviction in Ramos-Gonzales is for alien transportation whereas Ehret was convicted of possessing child pornography. As such, whether a nighttime restriction is reasonable under the § 3553(a) in *Ramos-Gonzales* has no bearing on whether it is reasonable here.

[3] Even if this Court had jurisdiction to consider Ehret's challenge to the special conditions of his supervised release, his motion would not be ripe. "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir.2003) (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir.2000).) The Fifth Circuit previously held that "[a] challenge to the special condition prohibiting internet access…rests on contingencies that may not occur and may be effected by changing technology." *United States v. Zimmerman*, 481 Fed.Appx. 199, 201 (unpublished) (5th Cir. 2012). Thus, Ehret's two § 3583(e) motions are not ripe as they "[rest] upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id*. (citing *Carmichael* 343 F.3d 756, 761).

...

construe his letter as a motion to address his request for relief on the basis that his plea was unknowing and uncounseled. (D.E. 176). His claim is most properly construed as a challenge to his conviction and its constitutionality, which would be properly brought in a motion pursuant to 28 U.S.C. § 2255. Indeed, Ehret has used the § 2255 motion as a vehicle to request relief on the basis that his plea was uncounseled and unknowing on three previous occasions and on each occasion his request for relief was denied. (D.E. 161; D.E. 166; D.E. 169). Thus, Ehret's letter motion is characterized as a second or successive § 2255 petition. This Court is without jurisdiction to consider another § 2255 motion from Ehret unless he satisfies certain procedural requirements. Specifically, the statute provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In accordance with the above, Ehret was required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). His motion does

not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any § 2255 motion. Thus, Ehret's motion is DISMISSED FOR LACK OF JURISDICTION.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a Certificate of Appealability (COA)." 28 U.S.C. § 2253(c)(1)(A). Although Ehret has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a COA when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Based on the above standards, the Court concludes that Ehret is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, The Court DISMISSES Ehret's two § 3583(e) motions. (D.E. 173; D.E. 175). The Court DISMISSES Ehret's § 2255 motion. (D.E. 176). The Court DENIES the issuance of a certificate of appealability.

SIGNED and ORDERED this 2nd day of December, 2021.

_____
Janis Graham Jack
Senior United States District Judge